IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KALANI,

      Plaintiff,                Case No. 2:12-cv-0959 LKK DAD PS

      vs.

LEONE B. WIEBE, TRUSTEE       ORDER
OF THE LEONE B. WIEBE
FAMILY TRUST DATED JUNE 13,
1990; HOLLYWOOD CAFÉ LODI,
A California Corporation dba
HOLLYWOOD FAMILY CAFÉ,

      Defendants.
_____/

      This matter came before the court on January 11, 2013, for hearing of plaintiff's motion to strike. (Doc. No. 22.) Randy Moore, Esq. appeared telephonically on behalf of the plaintiff. No appearance was made by or on behalf of defendant Leone Wiebe nor was an appearance was made on behalf of the Hollywood Café Lodi.

      Upon consideration of the arguments on file and made at the hearing, and for the reasons set forth in detail on the record, IT IS HEREBY ORDERED that:

/////

/////

1. Plaintiff's December 6, 2012 motion to strike (Doc. No. 22) is granted;

2. The Clerk of the Court is directed to strike the document filed May 10, 2012[1] (Doc. No. 9) which was erroneously characterized as an answer upon filing; and

3. Within twenty-one (21) days of the date of service of this order defendants shall both file responsive pleadings that comply with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]

DATED: January 11, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\kalani0959.oah.011113

---

[1] Although the purported answer was deficient in several respects, defendants are advised that as a corporation, defendant Hollywood Café Lodi cannot appear pro se and must be represented by a licensed attorney. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[2] In the event the defendants fail to file responsive pleadings plaintiff may request that the Clerk of the Court enter defendants' default and, thereafter, move for entry of default judgment. Counsel for plaintiff is advised that in the event plaintiff moves for entry of default judgment, the undersigned requires that such a motion be noticed for hearing served on the defendants despite their default.

2